UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                      Criminal Case No. 15-20437-1
v.                                               Honorable Linda V. Parker

SISION P. NARANJO,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

On January 26, 2016, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2 (i.e., "Hobbs Act robbery") and one count of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In the plea agreement, Defendant admitted that he committed at least ten other Hobbs Act robberies and brandished or possessed a firearm during each of these robberies. (ECF No. 66 at Pg ID 265-68.) Defendant also agreed to an above-guidelines sentencing range of 264 months to 312 months. (*Id*. at Pg Id 270-71.) The plea agreement provides that Defendant negotiated and agreed upon this term of imprisonment to avoid the imposition of ten mandatory

consecutive terms of imprisonment of 25 years each for using a firearm in each of the additional ten robberies he admitted to committing. (*Id*. at Pg ID 271.)

On April 27, 2016, the Court sentenced Defendant to consecutive terms of imprisonment of 180 months on the Hobbs Act robbery conviction and 84 months on the firearm conviction, and a Judgment was entered May 3, 2016. (ECF No. 72.) The matter is presently before the Court on Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, filed April 4, 2017. (ECF No. 103.) The Government filed a response to the motion on April 18, 2017 (ECF No. 108), and Plaintiff filed a reply brief on May 5, 2017. (ECF No. 113.)

In support of his motion for post-conviction relief, Defendant argues that his trial counsel was ineffective in failing to (1) argue that the predicate crime of Petitioner's § 924(c) conviction does not qualify as a "crime of violence" and that his conviction violates due process under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015); and (2) object to the Court's five-point enhancement for brandishing or possessing a firearm pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(2)(C). Defendant requests an evidentiary hearing to demonstrate his entitlement to relief.

## Plaintiff's Entitlement to a Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall show cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The court must hold an evidentiary hearing in § 2255 proceedings in which a factual dispute arises to determine the truth of the petitioner's claims. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (citing *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Sixth Circuit has held that the burden to demonstrate entitlement to an evidentiary hearing "is relatively slight." *Id*. Nevertheless, no hearing is required if "'the record conclusively shows that the petitioner is entitled to no relief.'" *Id*. (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "Stated another way, 'no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id*.

There are no material factual disputes raised by Defendant's motion that require an evidentiary hearing. As will be discussed *infra*, the record conclusively

3

establishes that Defendant is not entitled to relief.  The Court therefore is denying Defendant's request for a hearing.

**Standard of Review and Applicable Law**

A movant is entitled to relief under 28 U.S.C. Section 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  In order to prevail as to alleged constitutional errors, a defendant must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted).  Where the defendant alleges a non-constitutional error, he must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

In order to demonstrate that he was denied the effective assistance of trial counsel in violation of his constitutional rights, Defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Griffin v.*

4

*United States*, 330 F.3d 733, 736 (6th Cir. 2003). Defendant must show that: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Id.* at 736 (citing *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*.

**Analysis**

For the reasons that follow, Defendant fails to demonstrate that defense counsel performed ineffectively.

First, contrary to Defendant's assertion, he did not plead guilty to Hobbs Act *conspiracy*. Instead, he was charged with and pleaded guilty to a substantive Hobbs Act robbery in violation of 18 U.S.C. § 1951, and using and brandishing a firearm during and in relation to that robbery under 18 U.S.C. § 924(c). His conviction and sentence did not arise under 18 U.S.C. § 924(e)(2)(B), the "residual clause" found unconstitutional in *Johnson*, 135 S. Ct. at 2563. As the Sixth Circuit has held, § 942(c)'s definition of crime of violence remains unaffected by *Johnson*. *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016).

Moreover, by definition, Defendant's Hobbs Act robbery conviction constitutes a crime of violence under § 924(c)(3)(A). As § 1951(b)(1) provides,

5

interference with commerce by robbery involves the taking of property "by means of actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). Numerous federal courts have held that a substantive Hobbs Act robbery conviction remains a crime of violence under the "force clause" of § 924, even in the wake of *Johnson*. *See, e.g., Byrd v. United States*, No. 1:07-81, 1:16-186, 2016 WL 4009884, at *2 (E.D. Tenn. July 25, 2016) (citing cases).

For these reasons, defense counsel did not provide ineffective assistance by failing to argue that Defendant's conviction did not qualify as a "crime of violence."

Defense counsel also did not provide ineffective assistance by failing to challenge the five-level increase in Defendant's base offense level under U.S.S.G. § 2B3.1(b)(2)(C). Section 2B3.1(b)(2)(C) provides for a five level increase "if a firearm was brandished or possessed[.]" Defendant conceded, pursuant to his Rule 11 plea agreement, that he brandished a firearm during the substantive Hobbs Act robbery for which he was convicted. *See supra*. He also conceded that he brandished or possessed a firearm in ten additional Hobbs Act robberies. *Id.*

For these reasons, the Court concludes that Defendant is not entitled to relief under § 2255.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 1, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 1, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager