UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 15-20437-1
        Honorable Linda V. Parker

SISION P. NARANJO,

        Defendant.
_____/

## OPINION & ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 138)

On January 26, 2016, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2, and one count of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On April 27, 2016, this Court sentenced Defendant to consecutive terms of imprisonment of 108 months on the first count and 84 months on the second count, for a total of 264 months, followed by a two -year term of supervised release.  The matter is presently before the Court on Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C § 3582(c).

## Applicable Law

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C.§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020). The burden is on the defendant to prove that "extraordinary and compelling reasons" exist to justify release under the statute. *See, e.g., United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

2

The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

## Analysis

The § 3553(a) factors determine the outcome of Defendant's motion. Defendant's current convictions arise from a series of armed robberies throughout the Flint area during 2014 and 2015 by Defendant and other individuals. Defendant participated in 11 of those robberies. (Plea Agreement at 3-6, ECF No. 66 at 265-69.) Firearms were brandished and pointed at employees during the robberies. (*Id.*) In the robbery for which Defendant was convicted, he brandished a firearm at an employee outside a store and ordered the employee back into the store at gunpoint, where the employee was ordered to open the registers and give Defendant and his accomplice the money inside. (*Id*. at 3, Pg ID 265.) Defendant then hit a second store employee in the head with his firearm and ordered that employee to open the store's safe. (*Id.*) Defendant has several prior convictions, which include offenses involving weapons and/or assaultive behavior.

The armed robbery spree that led to Defendant's current conviction began just a few months after he was discharged from probation for possessing a pump action shotgun with a cut down stock. (PSR ¶ 117.) The weapon was discovered when officers stopped Defendant's vehicle. (*Id.*) He told the officers that he had retrieved the weapon from his home and placed it into his vehicle after people at a bar were "acting a fool." (*Id.*) A few years earlier, Defendant was convicted of assaulting an officer. (*Id.* ¶ 115.)

Finally, Defendant has served only a fraction of the imposed sentence.

As such, this Court continues to believe that the sentence imposed is just punishment for the offenses and necessary to deter Defendant from continuing to commit violent crimes.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 138) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2021, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager